UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO,<br><br>               Plaintiff,<br><br>   v.<br><br>T. AVILA, et. al.,<br><br>              Defendant. | CV F- 06-01781 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 24) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed December 8, 2006, against defendants Avila, Kavanaugh, Patterson, Johnson, Rodriguez, Patrick, England, Dumont and Bueno ("defendants") for use of excessive force, in violation of the Eighth Amendment. On January 3, 2008, pursuant to the Federal Rules of Civil Procedure 12(b) and 12(b)(6), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). (Doc. 24) Plaintiff filed an opposition on February 21, 2006.[1] (Doc. 26). On February 22, 2008 defendants filed their response, and on March 3, 2008 plaintiff filed a reply (Docs. 27, 28). All these materials have been reviewed by the court for the

---

[1] Defendants argue that plaintiff's opposition was untimely, and thus should not be considered by the court. The Court deems plaintiff's opposition timely.

purpose of resolving these motions.

I.  Plaintiff's Unenumerated Rule 12(b) Motion to Dismiss for Failure to Exhaust

  A.  Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

  B.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's

Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Although there are no Ninth Circuit Court cases on point, other Circuit Courts have addressed the issue of the effect of prison officials' failure to respond to grievances in a timely manner, and held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v.

Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)).

In their motion materials, defendants argue that plaintiff conceded in his complaint that despite his "strong" efforts, he failed to exhaust his administrative remedies. (Doc. 24, p.4:5-6, ref'g to Doc 1, p.9, ¶3). Defendants also contend that plaintiff's administrative appeal was rejected as being untimely, and that plaintiff then waited approximately 48 days before providing any explanation for the delay. (Doc. 24, p.4:6-9). Defendants argue that defendants' motion to dismiss should be granted for plaintiff's failure to properly exhaust.

Having reviewed all motion materials and pleadings filed, the court finds defendants' arguments in support of their motion to dismiss without merit. First, defendants assert "plaintiff admits that he has failed to exhaust the remedies despite making 'strong' efforts to comply". (Doc. 24, p.4:5-6). In support of their assertion, they rely on plaintiff's complaint, at page 9, paragraph 3, which states as follows:

> "Plaintiff has filed institutional (602) complaints against all (9) defendants named in this Civil Complaints [sic]. This was done by institutional, and U.S., Mail. Institutional officials, including Director of Corrections, have failed to comply with - with [sic] prescribed time limits per CCR. Title 15 §3084. The "strong" effort to comply with administrative exhaustion has been done. (See Exhibit - B)."    (Doc. 1, p.9, ¶3).

As explained above, the courts have held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits. Even a basic reading of plaintiff's complaint does not suggest that plaintiff conceded non-exhaustion, as defendants' contend. Rather, it is this court's understanding, having reviewed all materials, that plaintiff asserts that the institutional officials at the CDCR failed to comply with the time-line prescribed, rendering the appeals process unavailable to him. Defendants' argument is insufficient to demonstrate non-exhaustion.

Defendants' second argument in support of their motion is equally untenable. The incident that gives rise to this action occurred on September 9, 2005. (Doc. 1, Comp., p.21). Plaintiff did not file his appeal until October 3, 2005. (Id). Plaintiff's grievance was then screened out by the appeals co-ordinator on October 20, 2005 as untimely, per CCR 3084.6(c). (Id). The bottom of Screening

1  Form 695 provided to plaintiff states "[t]his screening decision may not be appealed.  If you believe
2  this screen out is in error, please return this form to the Appeals Co-ordinator with an explanation of
3  why you believe it to be in error, and supporting documents.  You have only 15 days to comply with
4  the above directives." (Id.).  By letter to Appeals Co-ordinator dated December 7, 2005, plaintiff
5  explained that he was unable to file a timely appeal due to the injuries he sustained during the
6  incident giving rise to this action, and also because he was transferred to a different facility. (Doc. 1,
7  p.22). Defendants contend that because plaintiff filed his explanation well beyond the fifteen-day
8  deadline, plaintiff failed to properly exhaust.

9        The court agrees that plaintiff did not file an explanation for his late grievance within the
10 fifteen day period.  However, the court notes the handwritten and signed comments of the Appeals
11 Co-ordinator, who apparently accepted plaintiff's explanation for his late filing.  The Appeals Co-
12 ordinator writes, "Explanation DTD 12/07/05 Accepted.  Movement History.  Reasonable
13 Explanation". (Id.).  Given that plaintiff's late filing was accepted by the Appeals Co-ordinator, the
14 court finds unpersuasive defendants' argument that in failing to timely file his explanation for the
15 delay, plaintiff failed to properly exhaust.  To hold otherwise would remove all discretion from the
16 Appeals Co-ordinator to accept untimely appeals, regardless of circumstance and contrary to the very
17 procedure set forth on the Screening Form 695.

18       The Appeals Co-ordinator's handwritten comments suggest that plaintiff's appeal was
19 accepted for review.  Defendants have not provided for the court information concerning the current
20 state of plaintiff's appeal, arguing only that there has been no applicable grievance exhausted at the
21 final level of review (Doc. 24, Grannis Decl. ¶3).  Defendants are reminded that in order to prevail
22 on their motion, defendants have the burden of raising and proving the absence of exhaustion. Jones,
23 127 S.Ct. at 921; Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).  Defendants must do more
24 than point out the lack of an appeal logged at the Director's level, and are not entitled to dismissal in
25 a situation such as this, where plaintiff has filed evidence demonstrating that he has filed at least nine
26 inmate appeals concerning the incident giving rise to this action. (Doc. 26, Exhs A, C).

27       In his verified opposition, plaintiff attaches two appeal decisions rendered January 22, 2006.
28

1  The first bears Appeal Log Number CSPC-8-05-0434, and the second bears Appeal Log Number
2  CSPC-I-05-04597.[2]  (Doc. 26, Exh. A, pp.8-9).  Both appeals were filed by plaintiff and are
3  categorized as "Staff Complaints".  Plaintiff asserts under penalty of perjury that they were
4  complaints regarding the actions of defendants Avila and Kavanaugh.  (Doc. 26, p.2).  Both appeals
5  were denied at the first level of review, and plaintiff states that he then sought a second level of
6  review by mailing the appeals to the Warden.  (Id.).  Plaintiff contends that defendants failed to
7  provide a response within the time limits prescribed, despite his repeated requests for a response.
8  Plaintiff contends that as a result, he properly exhausted all available administrative remedies.

9  Pursuant to the California Department of Corrections administrative grievance system for
10 prisoner complaints, the appropriate place of filing a formal level appeal is with the Appeals Co-
11 ordinator and not the Warden.  (Cal. Code Regs., tit. 15 §3084.2 (2007)).  Accordingly, plaintiff was
12 not entitled to a second-level review response from the Warden.  Even if plaintiff was entitled to a
13 response concerning his appeal, the evidence submitted shows that plaintiff's letter was not timely
14 sent.  As previously explained, an inmate must submit an appeal within fifteen working days of the
15 event or decision being appealed. (Id., §3084.6).  Plaintiff concedes that he did not send his letter to
16 the warden until August 14, 2006, approximately six months after the first level reviews were
17 completed.  (Doc. 26, p.11, Exh. B).  These deficiencies are apparent even from a cursory review
18 and while they may suggest non-exhaustion, the court is not satisfied that defendants have met their
19 burden in proving so.  As already stated, it is unclear what happened to plaintiff's appeal that was
20 accepted for review by the Appeals Co-ordinator.  The court cannot make the determination that the
21 appeals bearing Log Number CSPC-8-05-0434 and CSPC-I-05-04597 are those referred to in the
22 Appeals' Co-ordinator's comments, and therefore cannot dismiss for failure to exhaust at this time.
23 Defendants have not provided the court with any information regarding plaintiff's appeals filed at the
24 lower levels of review, and are not entitled to dismissal for non-exhaustion at this time.

---

[2] Neither party has provided the court with a copy of these appeals, and there is no indication given of their date of filing. For this reason, the court cannot determine whether these appeals are the subject of the screen out letter dated October 20, 2005 by the Appeals Co-ordinator, or whether other relevant appeals exist.

1    With regards to defendants England, Dumont, Patrick, Rodriguez, Bueno, Johnson and
2 Patterson, plaintiff contends that on July 9, 2006 he submitted seven inmate appeals concerning their
3 alleged involvement in the September 5, 2005 incident.  On July 17, 2006, these appeals were
4 screened out as untimely (Doc. 26, p.4).  It appears that plaintiff then filed an explanation for the
5 delay with the Appeals Co-ordinator, as is permitted and so noted on Screening Form 695.  (Doc. 1,
6 Comp., Exh. B, p.23).  Plaintiff states that he never received a response to his letter, despite his
7 requests (Id., pp.24-28).
8    At issue is whether the plaintiff properly exhausted all available administrative remedies
9 when he received no response to his explanation for late filing.  The court is not aware of any
10 mechanism in the rules nor regulations concerning the procedure for screened-out appeals, although
11 it behooves the court that there would be no mechanism in place to deal with responses filed by
12 appellees, particularly when Screening Form 695 states that appellees may return the form to the
13 Appeals Co-ordinator, along with an explanation as to why their appeal should not be screened out as
14 untimely.  Although defendants filed a reply to plaintiff's opposition, and despite the fact that the
15 burden is on defendants to demonstrate plaintiff's failure to exhaust, defendants have not bothered to
16 provide the court with any assistance on this issue.  It is not the court's burden to craft an opinion
17 regarding what plaintiff was or was not obligated to do when he did not receive a response to the
18 explanation for his late filing, which he allegedly submitted to the Appeals Co-ordinator.
19    The court is not finding that plaintiff exhausted.  Rather, the court finds that in light of
20 defendants' failure to address plaintiff's contention that he attempted to utilize the process properly
21 but was unsuccessful, defendants have not met their burden and are not entitled, at this time, to
22 dismissal for failure to exhaust.
23 II.    Defendants' Rule 12(b)(6) Motion
24    A.    Legal Standard
25    "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California
26 Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for
27 failure to state a claim, the Court must accept as true the allegations of the complaint in question,
28

Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

B.  Discussion

Defendants assert that they are entitled to dismissal under FRCP 12(b)(6) on the grounds that plaintiff has alleged facts regarding exhaustion showing that he did not exhaust and attached

documents to the complaint confirming that he did not exhaust. Construing the pleading in the light most favorable to the party opposing the motion, and resolving all doubts in the pleader's favor, for the reasons set forth recommending denial of defendants' unenumerated 12(b) motion to dismiss for failure to exhaust, the court must also recommend denial of defendants' motion to dismiss under 12(b)(6).

III.   Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss for failure to exhaust under FRCP 12(b), filed January 3, 2008, be DENIED, without prejudice;

2. Defendants' motion to dismiss for failure to exhaust under FRCP 12(b)(6), filed January 3, 2008, be DENIED; and

3. Defendants be required to respond to plaintiff's complaint within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 14, 2008**          /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE