1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   JAMES CATO, JR,                    )        CASE NO.: 1:06-CV-01781 OWW DLB P
                                        )
11                                      )        ORDER VACATING PREVIOUS
                      Plaintiff,        )        FINDINGS AND RECOMMENDATIONS
12                                      )
        v.                              )        (Doc. 30)
13                                      )
     T. AVILA, et. al.,                 )        ORDER DENYING PLAINTIFF'S
14                                      )        MOTIONS FOR CONSIDERATION.
                      Defendant.        )
15                                      )        (Docs. 33, 34).
                                        )
16                                      )        FINDINGS AND RECOMMENDATIONS
                                        )        RECOMMENDING DEFENDANTS'
17                                      )        MOTIONS TO DISMISS FOR FAILURE
                                        )        TO EXHAUST BE GRANTED IN PART
18                                      )        AND DISREGARDED IN PART
                                        )
19   _____ )        (Doc. 24)
20

21   **1.      Procedural History**

22          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

23   pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed December 8,

24   2006, against defendants Avila, Kavanaugh, Patterson, Johnson, Rodriguez, Patrick, England, Dumont

25   and Bueno ("defendants") for use of excessive force, in violation of the Eighth Amendment. On January

26   3, 2008, pursuant to the Federal Rules of Civil Procedure 12(b) and 12(b)(6), defendants filed a motion

27   to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance

28   with 42 U.S.C. § 1997e(a).  (Doc. 24).

**2.      Order Vacating Previous Findings and Recommendations**

On April 15, 2008, this court issued Findings and Recommendations recommending that defendants' unenumerated Rule 12(b) motion to dismiss for failure to exhaust be denied without prejudice. (Doc. 30).  The court did not find that plaintiff had exhausted; rather the court found that defendants had not met their burden and were not entitled at that time, to dismissal of the action.

On May 13, 2008, defendants filed an objection to the Findings and Recommendations, submitting with their objection further evidence in support of their motion to dismiss.  (Doc. 31). On May 21, 2008, plaintiff filed an objection to defendants' objection, also setting forth further evidence for the court's review. (Doc. 32)

In light of the new materials now before the court, the previous Findings and Recommendations, issued April 15, 2008, are HEREBY VACATED.

**3.      Order Denying Plaintiff's Motions for Consideration of Additional Information**

On June 6, 2008 and June 20, 2008, plaintiff filed documents entitled "Motion for Consideration of Additional Information", wherein plaintiff requests that the court consider his further arguments in opposition to defendants' motion to dismiss.  (Docs. 33, 34).

The court notes that plaintiff has already filed an opposition to defendants' motion, a sur-reply to defendants' motion, and objections to the Magistrate Judge's Findings and Recommendations, specifically addressing and disputing defendants' objections. (Docs. 26, 28, 32).  These documents will be considered by the court in the instant motion to dismiss.  Plaintiff has already been given ample opportunity to oppose defendants' motion, and it would be unfair to allow plaintiff to raise new arguments in his "motions for reconsideration" without providing defendants with an opportunity to reply.  Therefore, the court declines to consider plaintiff's further arguments, and plaintiff's motions for consideration, filed June 6, 2008 and June 20, 2008 are HEREBY DENIED.

Having considered all materials originally filed with the court, as well as the objections recently submitted by both parties (Docs. 31, 32), the court now issues the instant Findings and Recommendations.

///

///

**4.      Findings and Recommendations on Defendants' Unenumerated Rule 12(b) Motion to Dismiss**

A.      <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 127 S.Ct. at 921; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

B.      <u>Discussion</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first

1  formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners

2  are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S.Ct.

3  2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

4       It appears that plaintiff filed three separate grievances (Nos.05-04834, 05-04597, and 06-02849)

5  concerning the incident giving rise to this complaint. Although plaintiff is only required to file one

6  grievance with respect to a single incident,  the court shall examine all three grievances, so that neither

7  party can say that they have not been fully heard on this matter.

8       In their motion materials, Defendants contend that I) Grievance Log 05-04834 did not exhaust

9  administrative remedies because plaintiff never sought a second, third or final level of review, ii)

10  Grievance Log 05-4597 is unrelated to this lawsuit, and iii) Grievance 06-02849 was untimely, and also

11  duplicative of 05-04834. (Doc. 31, pp.2-4).

12            **i.        Grievance Log 05-04834**

13       Grievance 05-04834 concerns the use of excessive force by defendant Avila on September 5,

14  2005.  (Doc. 31, Jones Decl., Exh.2). In his grievance, plaintiff explains that he cannot obtain the names

15  of the other officers involved, but that they will be submitted once the individuals are identified.

16       It is undisputed that initially plaintiff filed grievance 05-04834 on October 3, 2005.  Plaintiff's

17  grievance was initially screened out as untimely.  By letter to Appeals Co-ordinator dated December 7,

18  2005, plaintiff explained that he was unable to file a timely appeal due to the injuries he sustained during

19  the incident giving rise to this action, and also because he was transferred to a different facility.

20  Defendants state that after receiving plaintiff's response to the screen-out letter, plaintiff's grievance was

21  accepted for review.  (Doc. 31, Jones Decl., ¶9). A first level response was completed in January 2006.

22  (Id, Jones Decl., Exh. 2). Defendants have submitted evidence that this grievance was completed only

23  through the first level, and that plaintiff never completed the process through the second, third or final

24  level of review. (Id., Jones Decl., at ¶4, Doc. 24, Grannis Decl., ¶3).

25       Defendants have met their burden as the party moving for dismissal.  The burden therefore shifts

26  to plaintiff to set forth evidence demonstrating that he exhausted the available administrative remedies

27  regarding this grievance.

28       Plaintiff argues in his opposition that he sought a second level review of grievance 05-04834 by

1    mailing the appeal to the Warden on August 14, 2006 (Doc. 26, p.2).  Plaintiff has also submitted letters

2    dated August 7, 2006, September 20, 2006 and November 19, 2006, inquiring into a second-level

3    response (Doc. 1, Compl, pp. 23-28).  Plaintiff argues that CDCR officials failed to respond to appeals

4    within the proscribed time-line and failed to process plaintiff's appeals, thereby rendering the appeals

5    process unavailable to him (Doc. 32, p 2).

6         "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378,

7    2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical

8    procedural rules . . . ," id. at 2386.  The court is mindful that the failure to respond to a properly filed

9    grievance may result in a finding that exhaustion occurred.  Lewis v. Washington, 300 F.3d 829, 833

10   (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion

11   occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined

12   to dismiss claim for failure to exhaust where prison failed to respond to grievance); see also Brown v.

13   Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005).  Here, however, plaintiff has not submitted any evidence

14   demonstrating that he properly filed an appeal by complying with all the applicable procedural rules.

15        Pursuant to the California Department of Corrections administrative grievance system for

16   prisoner complaints, the appropriate place of filing a formal level appeal is with the Appeals Co-

17   ordinator and not the Warden.  (Cal. Code Regs., tit. 15 §3084.2(c) (2007)).  Accordingly, even

18   assuming that plaintiff forwarded a copy of his grievance to the warden, this is of no assistance to

19   plaintiff since he was not entitled to a second-level review response from the Warden.  Further, an

20   inmate must submit an appeal within fifteen working days of the event or decision being appealed. (Id.,

21   §3084.6).   Plaintiff contends that he did not send his letter to the Warden until August 14, 2006,

22   approximately six months after the first level review was completed.  (Doc. 26, p.11, Exh. B).  It cannot

23   be said that the appeals process was rendered unavailable to plaintiff if he did not comply with the

24   applicable procedural rules.   Accordingly, the court finds that plaintiff did not properly exhaust

25   Grievance 05-04834. Woodford.

26              ii.    Grievance Log 05-04597

27        Defendants contend that grievance 05-04597 is unrelated to the present action and therefore does

28   not serve to exhaust administrative remedies.  Defendants are mistaken. Defendants have erroneously

referred the court to grievance 04-04597 and not 05-04597.  Plaintiff however, has provided the court with a copy of the correct grievance. (Doc. 32, Exh. A). In grievance 05-04597, plaintiff complains that defendant Kavanaugh battered plaintiff, and allowed and encouraged other unidentified staff under his authority to beat plaintiff. (Id.) This is clearly related to the present action.  The first level review was completed in January 2006.  (Doc. 31, Jones Decl., Exh. 1).  Despite defendants' error in submitting the wrong grievance, defendants have submitted evidence that plaintiff never sought a second level of review for grievance 05-4597 (Doc 32, Jones Decl., ¶4), and also that this grievance was not exhausted at the final level of review. (Doc. 24, Grannis Decl., ¶3).

Defendants have met their burden as the party moving for dismissal.  The burden therefore shifts to plaintiff to set forth evidence demonstrating that he exhausted the available administrative remedies regarding this grievance.

Plaintiff again argues that he sought a second level of review by mailing to the warden a copy of his appeal on August 14, 2006, but that officials failed to respond.  (Doc. 26, p.2).  For the same reasons as discussed above concerning Grievance Log 05-04834, the court finds that plaintiff did not exhaust Grievance 05-4597.

### iii.      Grievance Log 06-02849

Grievance 06-02849 encompasses seven separate 602 grievance forms completed by plaintiff, concerning his allegation of excessive force on September 5, 2005 by defendants England, Dumont, Patrick, Rodriguez, Bueno, Johnson and Patterson.  The parties agree that the grievance was filed in July 2006.  Defendants assert that the appeal was screened out as untimely. (Doc. 31, p.3)  The screen-out form dated July 17, 2006 also noted that the grievance was duplicative of Grievance Log 05-4834. (Doc. 31, Jones Decl., Exh. 3).  Defendants contend that grievance 06-02849 was screened out as untimely and never accepted for review.  Defendants further contend that plaintiff never timely responded to the screen-out letter, thus failing to comply with the agency's deadlines. Defendants contend that even if plaintiff had timely responded, the appeals coordinator would review the response, but there is no guarantee that such a review will result in the grievance being accepted for review. (Doc. 31, Jones Decl. ¶17.) If it is accepted for review, the inmate's response letter would remain with the grievance as a permanent addendum. (Id, at  ¶19.) If the appeals coordinator does not overturn the screen out, the

inmate's response letter would be returned to the inmate. Defendants have met their burden as the moving party. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he exhausted the available administrative remedies regarding this grievance.

In response, plaintiff states that he attempted to explain the delay in his letter dated August 7, 2006. (Doc. 32, p.4, ref'ing to Doc. 1, Compl, pp.23-28). Plaintiff argues by rejecting his grievance, all available avenues were exhausted, and that no further process was available.

"[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 127 S.Ct. 910, 923 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and the not the PLRA, that define the boundaries of proper exhaustion." Id. The inmate appeal form CDC-602 does not require identification of specific individuals, Cal. Code Regs., tit. 15 § 3084.2(a) (West 2007), and the court therefore finds that for the purposes of this action, grievance 06-02849 is duplicative of grievance 05-4834. Plaintiff was not required to wait until he identified the individuals involved to file his grievance. Jones. Plaintiff may not file a second duplicative grievance, and then argue that he exhausted when it was screened out.

In any event, plaintiff's grievance was untimely. The incident at issue occurred on September 5, 2005, and plaintiff did not submit Grievance 06-02849 until July 2006. At that juncture in time, the appeals coordinator properly rejected the appeal as untimely, Cal. Code Regs., tit. 15 § 3084.6(c), and an untimely appeal does not satisfy the exhaustion requirement, Woodford, 126 S.Ct. at 2382.

**5.      Findings and Recommendations on Defendants' Rule 12(b)(6) Motion to Dismiss**

The court finds that plaintiff has not exhausted the available administrative remedies and that defendants are entitled to dismissal of the action on this ground. Based on the court's finding that plaintiff did not exhaust the available administrative remedies prior to filing suit, the court does not reach defendants' other arguments. See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

///

1    **6.      Conclusion**

2           Based on the foregoing, the court the court hereby **ORDERS** as follows:

3           1.      The court's Findings and Recommendations, filed April 15, 2008 are HEREBY

4                   VACATED;

5           2.      Plaintiff's motions for reconsideration, filed June 6, 2008 and June 20, 2008, are

6                   HEREBY DENIED; and

7           Based on the foregoing, the court hereby **RECOMMENDS** that:

8           3.      Defendants' unenumerated Rule 12(b) motion to dismiss for failure to exhaust, filed

9                   March 5, 2007, be GRANTED, and this action be dismissed, without prejudice, based

10                  on plaintiff's failure to exhaust; and

11          4.      Defendants' Rule 12(b)(6) Motion to Dismiss be DISREGARDED.

12          These Findings and Recommendations will be submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **ten (10) days** after

14   being served with these Findings and Recommendations, the parties may file written objections with the

15   court.   The document should be captioned "Objections to Magistrate Judge's Findings and

16   Recommendations."  The parties are advised that failure to file objections within the specified time may

17   waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18          IT IS SO ORDERED.

19      **Dated:    August 11, 2008**            _____ **/s/ Dennis L. Beck** _____
                                                  UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28